UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SAMSON P. PAYE )
      Plaintiff, )
)
v. )
) C. A. No. 15-12-M-LDA
A.T. WALL; WARDEN LEFEBVRE; )
OFFICER PENA; and OFFICER DIAS, )
      Defendants. )
)

ORDER

This lawsuit arises out of the denial of Samson P. Paye's request to obtain prison employment at the Rhode Island Adult Correctional Institution ("ACI") and specifically, out of Defendants' failure to provide him, an inmate, with employment in the Intake Center or outside of the module where he was housed. Mr. Paye contends that Defendants Director A.T. Wall, Warden Lefebvre, Officer Pena, and Officer Dias denied his request for employment because he is in prison for second-degree child molestation and that that denial was discriminatory. Mr. Paye further contends that Defendants will retaliate against him for filing this lawsuit by revealing the nature of his charge, by transferring him to segregation, and by preventing him from receiving his mail.

In his pro se complaint, Mr. Paye seeks declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 based on alleged employment discrimination against him during his confinement at the ACI. Mr. Paye claims that Defendants have violated § 703 of the Civil Rights Act of 1964 in denying his request to obtain prison employment. Defendants have moved for summary judgment, contending that Mr. Paye's claim should not proceed to trial because there is no disputed issue of material fact such that they are entitled to judgment as a matter of law.

For the reasons that follow, the Court finds that: (1) Mr. Paye fails to allege that Defendants, Director Wall and Warden Lefebvre, violated his rights; (2) Defendants did not illegally discriminate against Mr. Paye in denying him employment because Mr. Paye has no constitutional right to prison employment and the Defendants, under the Intake Center's standard operating procedure/guidelines, have the discretion in assigning employment to detainees; and (3) Mr. Paye's retaliation claims fail as a matter of law because he has not adduced facts sufficient to show that he engaged in a protected activity, that the Defendants took any adverse action against him, and that there is a causual link between the former and the latter.

Therefore, the Court GRANTS the Defendants' Motion for Summary Judgment (ECF No. 23) as to all claims.

## I. FACTS AND BACKGROUND

Few facts are disputed here, and none upon which liability rests. The undisputed facts reveal that in September of 2014, Mr. Paye submitted a request to apply for prison employment. Approximately a week later, Mr. Paye received his request form back, denying his request due to his "Special Risk Group" status. Guided by the Intake Center's Standard Operating Procedure manual ("SOP"), Lieutenant Panarello denied Mr. Paye's request to have a job in the Intake Center or outside of the module where he was housed because he is designated as a "Security Risk Group" detainee by virtue of his extensive disciplinary record.[1] Additionally, Lieutenant Panarello denied Mr. Paye's request because there are a limited number of jobs[2] and protocol is to provide employment to detainees who demonstrate an ability to comply with the rules and remain

---

[1] The records indicate that Mr. Paye has been disciplined and found guilty 28 times since 2009; many of these infractions were for acts of violence. Most recently, on August 18, 2015, Mr. Paye was disciplined for stabbing an inmate in the dining room.
[2] Specifically, there are approximately 90 detainee job positions available within the Intake Center for a detainee population of 1000 and 8 porter jobs for 116 detainees in the module.

2

discipline free. Defendants Pena and Dias also denied Mr. Paye's employment request to be a module porter in E-Module due to his extensive discipline record and disruptive nature.

## II.  STANDARD OF REVIEW

The Court may grant summary judgment only when a court finds "that there is no genuine dispute as to any material fact" and that the undisputed facts give rise to an entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). A court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Id.* Because Mr. Paye represents himself in this case, the Court will view his pleadings liberally. The Court is "solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [the Court] hold[s] pro se pleadings to less demanding standards than those drafted by lawyers and endeavor[s], within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

"To defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 842 (1st Cir. 1993) (internal quotation marks omitted). Further, "[o]n issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." *Flannery v. Bauermeister*, C.A. No. 06-399-S, 2008 WL 77723, at *2 (D.R.I. Jan. 4, 2008) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256-57 (1986)). This evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which

a fact finder must resolve at an ensuing trial." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989).

## III. LEGAL ANALYSIS

Mr. Paye has filed his claims under 42 U.S.C. § 1983, which requires "three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). He essentially brings two types of claims against Defendants. Mr. Paye asserts an employment discrimination claim as a result of being denied prison employment; he claims that Defendants violated § 703 of the Civil Rights Act of 1964 regarding equal employment opportunity. He also asserts that Defendants will retaliate against him for filing this lawsuit.

### A. Claims Against Defendants Wall and Lefebvre

Defendants argue that Mr. Paye's claim that Director Wall and Warden Lefebvre violated his rights fails because Mr. Paye does not allege any acts or omissions by them that violated his rights. Mr. Paye does not address this deficiency in his opposition to Defendants' motion.

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Rule 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Moreover, "courts 'must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him,' because such notice is '[a] fundamental purpose of pleadings under the Federal Rules of Civil Procedure.'" *Thomas v. Rhode Island*, 542 F.3d 944, 949 (1st Cir. 2008) (quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995)).

In this case, Mr. Paye has failed to allege that Director Wall and Warden Lefebvre violated his rights by any act or omission. Mindful of the fact that Mr. Paye is *pro se*, his Complaint cannot by any stretch be construed as setting forth any allegations against Director Wall and Warden Lefebvre; it merely names them in the case caption and lists them as parties. Because there are no allegations against them, Mr. Paye cannot prevail on this violation of rights claim as a matter of law. Therefore, this Court must dismiss his claims against Defendant's A.T. Wall and Warden Lefebvre and grant Defendants' motion in this regard with regard to those two Defendants.

**B.   Claims against Officers Pena and Dias**

1.   Employment Discrimination Claim

Mr. Paye's Complaint does not cite any constitutional provision that he claims Defendants Pena and Dias violated, but merely references "Employment Discrimination – Employment" on his civil cover sheet. Nonetheless, the Court will endeavor to address this claim as to this referenced constitutional claim.

Courts and prison policy makers have long recognized that there is no constitutional right to prison employment. The First Circuit has held that "unless state laws or regulations are to the contrary, prisoners have no vested property or liberty rights to either obtain or maintain prison jobs." *Dupont v. Saunders*, 800 F.2d 8, 10 (1st Cir. 1986). Looking to the state, "Rhode Island law, which vests the RIDOC director with total discretion over whether ACI inmates may work, does not create any property or liberty interest in employment for prisoners." *Navarro v. Wall*, CA. No. 09-223-ML, 2011 WL 1630035, at *6 (D.R.I. Mar. 22, 2011). Finally, turning to the Rhode Island Department of Corrections' policy, the Intake Service Center's SOP manual does not create any vested right for a detainee to obtain employment.

While the Court need go any further in light of this well settled case law, it finds that Mr. Paye was appropriately denied a job in accordance with the SOP manual. First, he is designated as a "Security Risk Group" detainee who has been disciplined for many acts of violence. Second, in light of the limited number of jobs, Defendants were justified in denying his request for one of those jobs. Therefore, because Mr. Paye has no constitutional right to prison work and Defendants' denial of his application was within prison guidelines, his employment discrimination claim fails.

2. Retaliation Claim

Mr. Paye also alleges that the RIDOC will place him in segregation, tell other inmates that he is in prison for a sex charge, and withhold his mail in retaliation for filing this lawsuit. The First Circuit reasons that, "in order to survive summary judgment on a retaliation claim, a prisoner must make out a prima facie case by adducing facts sufficient to show that he engaged in a protected activity, that the state took an adverse action against him, and that there is a causal link between the former and the latter." *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011). A plaintiff "must demonstrate more than his personal belief that he is the victim of retaliation. Conclusory assertions of retaliatory motive and speculation are not sufficient to withstand summary judgment." *Price v. Wall*, 464 F. Supp. 2d 90, 96 (D.R.I. 2006).

Mr. Paye has failed to allege any retaliatory acts resulting from his filing this lawsuit. He cannot rely on conclusory allegations and speculation about retaliation in the form of disclosing his crime, withholding his mail, or putting him in segregation to survive this claim. *See id.* To defeat summary judgment, Mr. Paye must establish a genuine issue of material fact that supports a claim that the "state took an adverse action against him." Because Mr. Paye has merely provided conclusory assertions of retaliatory motive and speculation of retaliation, this claim fails.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 23) is GRANTED.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

March 17, 2016